**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| CONRAD DANDRIDGE, | DOCKET NUMBER |
| Appellant, | SF-0752-20-0568-I-1 |
| v. | |
| DEPARTMENT OF HOMELAND SECURITY, | DATE: September 30, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Conrad Dandridge, Martinez, California, pro se.

Helen Bouras and Zoe Wong, San Francisco, California, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which sustained the agency's chapter 75 removal action based on the charge of absence without leave (AWOL). On petition for review, the appellant argues the following: (1) the administrative judge erred in denying his motion to compel

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

discovery; (2) he did not have a sufficient opportunity to present his evidence at the hearing; and (3) both the agency and the administrative judge misconstrued provisions of the Family and Medical Leave Act of 1993 (FMLA). Petition for Review (PFR) File, Tab 1 at 3-7. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

The appellant's contention regarding his motion to compel is unavailing.

The appellant argues that the administrative judge erred in denying his motion to compel discovery. PFR File, Tab 1 at 3. To this end, he asserts that the administrative judge's order denying his motion, which found that the appellant had filed an untimely discovery request on the agency, "referenced a[n]

objection by the agency, which itself was [untimely]."[2]  *Id.*   We find this argument unavailing.  Contrary to the appellant's assertion, the agency's response to his motion to compel was timely filed.  The record reflects that the agency's response, which was due on October 4, 2020, a Sunday, was timely filed on October 5, 2020, a Monday.  Initial Appeal File (IAF), Tabs 20, 23; *see* 5 C.F.R. § 1201.55(b) (stating that unless provided otherwise, an objection to a written motion must be filed within 10 days from the date of service of the motion); *see also* 5 C.F.R. § 1201.23 (explaining that, in computing the number of days allowed for complying with a deadline, if the date that ordinarily would be the last day for filing falls on a Saturday, Sunday, or Federal holiday, the filing period will include the first workday after that date).  Thus, the appellant has not provided a basis to disturb any of the administrative judge's discovery rulings. *See Miller v. U.S. Postal Service*, 85 M.S.P.R. 494, ¶ 9 (2000) (stating that it is well established that administrative judges have broad discretion in ruling on discovery matters).

---

[2] The appellant provides with his petition for review a draft version of a motion to reconsider the order denying his motion to compel discovery, which he asserts that he did not provide to the administrative judge because he believed that "[she] was not going to be responsive."  PFR File, Tab 1 at 3, 8-9.  The appellant, however, does not explain why he believes that the administrative judge would have been unresponsive to his motion had he timely filed the same.  *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (finding that the Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence); 5 C.F.R. § 1201.115(d).  To the extent the appellant, through this assertion, alleges favoritism on the part of the administrative judge, we find his assertion unavailing.  The Board has consistently held that, in making a claim of bias or favoritism against an administrative judge, the appellant must overcome the presumption of honesty and integrity that accompanies all administrative adjudicators.  *Washington v. Department of the Interior*, 81 M.S.P.R. 101, ¶ 7 (1999) (citing *In re King*, 1 M.S.P.R. 146, 151 (1979)).  This presumption can be overcome only by a substantial showing of personal bias.  *Williams v. U.S. Postal Service*, 87 M.S.P.R. 313, ¶ 12 (2000).  Here, we find that the appellant has not made such a showing; indeed, the record reflects that the administrative judge thoroughly considered and addressed the appellant's filings.

<u>The appellant's contentions regarding his inability to present evidence at the hearing are both unclear and unavailing.</u>

The appellant argues that he was not given a fair and/or sufficient opportunity to present his evidence at the hearing. PFR File, Tab 1 at 6-7. To this end, he seemingly asserts that the administrative judge asked him an "inappropriate question" during the hearing, i.e., why he did not identify a family member's medical condition on an FMLA form, and that this question "shook" him and affected his presentation of the evidence. *Id.* He also seemingly argues that, although 2 days were set aside for the hearing, the proceeding did not last that long.[3] *Id.* at 6. We find these assertions unavailing.

We discern no error with the administrative judge's questioning of the appellant regarding information that he provided and/or failed to provide to the agency on an FMLA form; indeed, the thrust of the appellant's arguments before the administrative judge was that the agency had improperly denied his requests for FMLA leave that he needed to care for a family member with a serious health condition. IAF, Tab 1 at 5, Tab 12 at 2. Moreover, the hearing recording indicates that the administrative judge did not ask the subject question until the conclusion of the hearing, after the appellant had already presented his case. IAF, Tab 48, Hearing Recording at 56:25 to 58:39 (testimony of the appellant, file 6). We also discern no error in the administrative judge scheduling more time for the hearing than was ultimately needed; indeed, projecting the length of a hearing necessarily involves estimation on the part of the administrative judge. Moreover, the appellant does not discernably identify any evidence or argument

---

[3] The appellant also states as follows: "At the beginning of the appellant's testimony, the appellant stated that they had two presentation; one on the FMLA and one on the discrimination." PFR File, Tab 1 at 6-7 (grammar as in original). The appellant's argument in this regard, if any, is unclear. To the extent the appellant argues that the administrative judge applied the incorrect legal standard regarding the FMLA, we find his argument unavailing. Indeed, as discussed herein, the record reflects that the administrative judge correctly considered and applied the FMLA without shifting the burden of proof to the appellant. IAF, Tab 50, Initial Decision at 24-25 (citing *Ellshoff v. Department of the Interior*, 76 M.S.P.R. 54, 73-74 (1997)).

that he was unable to present at the hearing, much less any evidence that would have affected the outcome of his appeal. *See Sanders v. Social Security Administration*, 114 M.S.P.R. 487, ¶ 10 (2010) (explaining that, to obtain reversal of an initial decision on the ground that the administrative judge abused his discretion in excluding evidence, the appellant must show on review that relevant evidence, which could have affected the outcome, was disallowed). Thus, a different outcome is not warranted.

<u>The appellant's contention that both the agency and the administrative judge misconstrued FMLA provisions does not warrant a different outcome.</u>

The appellant argues that the agency failed to comply with the dictates of the FMLA. PFR File, Tab 1 at 4-6. To this end, he asserts that the agency ignored both its own leave handbook and a series of regulatory provisions, to include 5 C.F.R. § 630.1208, which pertains to written medical certifications, and 5 C.F.R. § 630.1202, which sets forth FMLA regulatory definitions. *Id.* He also lists a series of FMLA-related legal errors on the part of the administrative judge, to include alleging that she ignored "the law dealing with [FMLA medical certifications]" and that she misunderstood the nature of the medical care that he provided to an ailing family member.[4] *Id.* We find these assertions unavailing.

Here, the agency charged the appellant with 77 separate specifications of AWOL regarding his absences from work from April 15, 2019, through August 15, 2019, and the administrative judge concluded that the agency proved all but 1 of its specifications, i.e., specification 14. IAF, Tab 10 at 94-99, Tab 50, Initial Decision (ID) at 12-23. In so concluding, the administrative judge thoroughly considered the evidence in the record, applied the correct legal standard, and concluded that the agency had complied with the dictates of the

---

[4] The appellant also argues that "Kaiser legal" reviewed the medical documentation that he provided to the agency and, therefore, that any shortcomings associated therewith were the responsibility of "Kaiser," who is "liable for violating the FMLA." PFR File, Tab 1 at 7. The alleged involvement and misdeeds of this third-party entity, however, are outside the scope of the Board's jurisdiction.

FMLA. ID at 12-25 (citing *Ellshoff v. Department of the Interior*, 76 M.S.P.R. 54, 73 (1997)). To this end, the administrative judge summarized the conflicting and/or insufficient information that the appellant provided to the agency regarding his need for FMLA leave, as well as the agency's unsuccessful attempts to solicit additional information from the appellant. ID at 5-7. In finding unavailing the appellant's contention that the agency had violated the FMLA, the administrative judge explained that the appellant had submitted into the record copies of "a number of regulations and statutory provisions related to leave without stating which provisions [he believed] were violated." ID at 24 n.13 (citing IAF, Tabs 26-37, 39).

We discern no basis to disturb the administrative judge's conclusion that the agency complied with the dictates of the FMLA. Indeed, on review, the appellant again generally references both the agency's leave handbook and a litany of regulatory provisions, but fails to provide specific argument as to how the agency violated the same and/or which of the 77 specifications the alleged handbook/regulatory violations implicate. PFR File, Tab 1 at 4-6; *see* 5 C.F.R. § 1201.115(b). Moreover, as set forth in the initial decision, the appellant acknowledged at the hearing that he had failed to submit any leave requests for the dates underlying specifications 70-77, i.e., August 5, 2019, through August 15, 2019. ID at 18; IAF, Tab 10 at 99. These specifications, which totaled 76 hours of AWOL, are alone sufficient to sustain the agency's charge.[5] IAF, Tab 10 at 99; *see Burroughs v. Department of the Army*, 918 F.2d 170, 172 (Fed. Cir. 1990) (stating that, when more than one event or factual specification supports a single charge, proof of one or more, but not all, of the supporting

---

[5] Moreover, with regards to specifications 42, 48-49, 61, and 67, which totaled 47.5 hours of AWOL, the administrative judge concluded that, although the appellant had argued that he was entitled to FMLA leave on the dates in question, the record reflected that he had actually been engaged in activities altogether unrelated to a scenario for which FMLA leave could permissibly be granted, to include attending court proceedings. ID at 22; IAF, Tab 10 at 97-98. The appellant does not challenge this finding on review.

specifications may be sufficient to sustain the charge). Thus, a different outcome is not warranted.

Accordingly, we affirm the initial decision.[6]

## NOTICE OF APPEAL RIGHTS[7]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

[6] Although not raised by either party, in analyzing the appellant's claims of discrimination and reprisal, the administrative judge referenced direct evidence and types of circumstantial evidence. ID at 25-26 n.14. However, insofar as we find no indication that she disregarded any evidence because of its direct or circumstantial nature, a different outcome is not warranted. *See Gardner v. Department of Veterans Affairs*, 123 M.S.P.R. 647, ¶ 30 (2016), *clarified by Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 23-24.

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

Gina K. Grippando

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.